**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OYEBOLA J. BAMMEKE,

Plaintiff,

v.

GEICO INDEMNITY COMPANY,

Defendant.

Case No.: 1:25-cv-09547-JGK

# STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned action (the "Action"), plaintiff Oyebola J. Bammeke ("Plaintiff") and GEICO Indemnity Company ("GEICO"), anticipate that discovery will require the disclosure of documents, testimony, and information that a party or non-party in good faith contends to be confidential, proprietary, commercially sensitive, or protected from disclosure by statute or by a recognized privacy interest, including, without limitation, GEICO's underwriting, rating, and claims-handling guidelines, manuals, and methodologies, and Plaintiff's medical and mental-health treatment records, financial information, personal identifying information, immigration information, and records governed by New York Criminal Procedure Law § 160.50;

WHEREAS, the parties seek to facilitate the exchange of such information while protecting against its improper disclosure or use; and

WHEREAS, the parties, by and through their respective counsel, have stipulated to the entry of this Stipulated Confidentiality and Protective Order (the "Order") and have demonstrated good cause for its entry pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the parties through their undersigned counsel, and **ORDERED** by the Court, as follows:

1. **Purpose and Applicability.** This Order governs the handling of all Documents, testimony, information, and things produced, given, exchanged, or filed in the course of this Action that are designated as "Confidential" in accordance with the terms below (collectively,

"Confidential Information"), whether produced by a party or by a non-party. This Order does not, by itself, authorize the filing of any document under seal.

**2. Definitions.** As used in this Order:

(a) **"Producing Party"** means any party or non-party that produces or discloses information in this Action.

(b) **"Receiving Party"** means any party that receives information from a Producing Party.

(c) **"Designating Party"** means any party or non-party that designates information as Confidential Information under this Order.

(d) **"Document"** has the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and includes all forms of electronically stored information.

**3. Designation of Confidential Information.** A Designating Party may designate as "Confidential" any Document, testimony, or information that it reasonably and in good faith believes to constitute or contain: (a) proprietary, trade secret, or competitively sensitive business information, including but not limited to underwriting, rating, pricing, and claims-handling guidelines, manuals, procedures, and methodologies; (b) medical, psychological, or mental-health records or information; (c) financial account information or tax information; (d) personal identifying or sensitive information, including Social Security numbers, dates of birth, financial account numbers, and immigration status or records; (e) information the disclosure of which is restricted by statute, including records governed by New York Criminal Procedure Law § 160.50; or (f) other non-public personal or commercial information that the Designating Party is under a good-faith obligation, or has a legitimate interest, to maintain as confidential.

**4. Manner of Designation.** A Producing Party shall designate Confidential Information by affixing the legend "CONFIDENTIAL" to each page so designated, or, for information not reduced to documentary form, by written notice to the Receiving Party identifying the information as Confidential. Testimony given at a deposition may be designated as Confidential by a statement on the record at the deposition or by written notice to all parties within fourteen (14) days after receipt of the transcript, during which fourteen-day period the entire transcript shall be treated as Confidential.

**5. Use of Confidential Information.** Confidential Information, and any information derived therefrom, shall be used solely for the prosecution, defense, or attempted settlement of this

Case 1:25-cv-09547-JGK Document 37 Filed 08/05/26 Page 3 of 7

Action, and for no other purpose whatsoever, including any other litigation or any business, commercial, or personal purpose. This restriction does not apply to a Designating Party's use of its own Confidential Information.

6. **Restrictions on Use of Artificial Intelligence.** Confidential Information, and any summaries, extracts, notes, analyses, work product, or derivative materials reflecting Confidential Information, shall not be uploaded to, submitted to, entered into, processed by, analyzed using, or otherwise disclosed to any generative artificial intelligence platform, large language model, or similar artificial intelligence system, including but not limited to ChatGPT, Claude, Gemini, Copilot, Grok, DeepSeek, or any successor technology, absent the prior written consent of the Producing Party or further order of the Court. In the event of any inadvertent disclosure of Confidential Information to such a system, the Receiving Party shall promptly notify the Producing Party and take reasonable steps to mitigate any resulting disclosure.

7. **Persons Authorized to Receive Confidential Information.** Except upon the prior written consent of the Designating Party or upon further order of the Court, Confidential Information may be disclosed only to the following:

(a) the parties, and the officers, directors, and employees of a party to whom disclosure is reasonably necessary for this Action;

(b) counsel of record for the parties, and the partners, associates, paralegals, and clerical or support staff of such counsel;

(c) experts and consultants retained by counsel to assist in this Action, together with their staff, provided that each such person first executes the Acknowledgment attached as Exhibit A;

(d) the Court and its personnel, and any court reporter, videographer, or stenographer engaged in connection with this Action;

(e) any mediator or settlement officer, including any member of the Court's mediation panel or the assigned Magistrate Judge, engaged in the resolution of this Action;

(f) any witness or deponent, and their counsel, during the course of testimony or preparation, provided that the witness first executes the Acknowledgment attached as Exhibit A or, where that is impracticable, is advised on the record of the terms of this Order; and

(g) the author, addressee, or a prior recipient of the Confidential Information, as reflected on its face.

8. **Filing Under Seal.** Nothing in this Order shall be construed as authorization to file any Document under seal. A party seeking to file Confidential Information, or any Document that discloses Confidential Information, with the Court shall comply with the individual practices of the assigned Judge, the Electronic Case Filing Rules and Instructions of the Southern District of New York, and the governing law of the Second Circuit regarding the sealing of judicial documents. The designation of information as Confidential under this Order is not, standing alone, sufficient to warrant sealing; the burden of establishing that judicial documents may be filed under seal rests at all times with the Designating Party. Where a Receiving Party intends to file another party's Confidential Information, it shall so notify the Designating Party a reasonable time in advance so that the Designating Party may seek appropriate relief from the Court.

9. **Challenges to Designations.** A Receiving Party may challenge a designation of confidentiality at any time. The parties shall first attempt to resolve any dispute in good faith and on an informal basis, and shall confer in accordance with the individual practices of the assigned Judge before seeking Court intervention. If the dispute cannot be resolved, the Receiving Party may apply to the Court for relief. On any such application, the burden of establishing that the information is entitled to protection remains with the Designating Party. The information at issue shall continue to be treated as Confidential Information until the Court rules or the parties otherwise agree in writing.

10. **Inadvertent Failure to Designate.** The inadvertent or unintentional failure to designate information as Confidential shall not be deemed a waiver of the right to so designate it. Upon written notice of a corrected designation, the Receiving Party shall thereafter treat the information as Confidential Information and shall make reasonable efforts to retrieve any copies disclosed to persons not authorized to receive it.

11. **Inadvertent Production of Privileged Material; Rule 502(d).** Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any Document or information in this Action, whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any privilege or protection, including the attorney-client privilege and the work-product doctrine, in this or any other federal or state proceeding. Upon a Producing Party's written notice that privileged or protected material has been produced, the Receiving Party shall promptly return, sequester, or destroy the material and all copies, and shall not use or

disclose it until any dispute concerning the claim is resolved by the Court. This provision affords the parties the maximum protection available under Federal Rule of Evidence 502(d).

12. **Non-Party Information.** A non-party producing information in this Action may invoke the protections of this Order by designating such information as Confidential. Upon such designation, the non-party shall be entitled to the rights and protections afforded to a Designating Party and shall be subject to the obligations imposed upon a Designating Party with respect to such information.

13. **Unauthorized Disclosure.** If Confidential Information is disclosed to any person not authorized to receive it under this Order, the party responsible for the disclosure shall, upon learning of it, promptly notify the Designating Party in writing, identify the circumstances of the disclosure, make reasonable efforts to retrieve the information, and take reasonable steps to prevent further unauthorized disclosure.

14. **No Waiver; No Admission.** Neither this Order nor the production or designation of any information hereunder shall operate as a waiver of any objection to the discoverability, relevance, or admissibility of any Document or information, and no designation shall be construed as an admission that any designated material is relevant, discoverable, or admissible. Entry of this Order is without prejudice to the right of any party to seek greater or lesser protection with respect to any particular material.

15. **Final Disposition.** Within sixty (60) days after the final termination of this Action, whether by settlement, dismissal, judgment, or exhaustion of all appeals, each Receiving Party shall, at the Producing Party's election, return or destroy all Confidential Information and all copies thereof, and shall certify such return or destruction in writing upon request. Notwithstanding the foregoing, counsel of record may retain one archival copy of pleadings, motion papers, deposition transcripts and exhibits, trial exhibits, and attorney work product, provided that such retained materials remain subject to the terms of this Order.

16. **Survival and Continuing Jurisdiction.** The obligations imposed by this Order shall survive the final termination of this Action. The Court shall retain jurisdiction, even after final termination of this Action, to enforce this Order and to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate.

**17. Modification.** This Order may be modified only by further order of the Court, whether on stipulation of the parties or on motion. Nothing in this Order abridges the right of any person to seek modification of this Order by the Court, or the right of the Court to modify this Order sua sponte in the interest of justice or to ensure public access to judicial documents.

Dated: August 5, 2026

**BLACKPOINT LEGAL GROUP, PLLC**

Justin Crayton

Justin B. Crayton, Esq.
11 Campagna Drive
Albany, New York 12205
(954) 242-9295
blackpointlegal@gmail.com
*Counsel for Plaintiff*
*Oyebola J. Bammeke*

**RIVKIN RADLER LLP**

Elizabeth Sy

Elizabeth S. Sy, Esq.
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

*Counsel for Defendant*
*GEICO Indemnity Company*

**SO ORDERED.**

Hon. John G. Koeltl
United States District Judge

Dated: New York, New York
8/6, 2026

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ____________________________ [print full name], of ____________________________ [print address], declare under penalty of perjury that:

1. I have read the Stipulated Confidentiality and Protective Order (the "Order") entered in *Bammeke v. GEICO Indemnity Company*, No. 1:25-cv-09547 (JGK), pending in the United States District Court for the Southern District of New York, and I understand its terms.

2. I agree to be bound by, and to comply with, all of the terms of the Order. I agree to use any Confidential Information disclosed to me solely for purposes of this Action and not for any other purpose, and not to disclose any Confidential Information to any person not authorized to receive it under the Order.

3. I submit to the jurisdiction of the United States District Court for the Southern District of New York for the sole purpose of enforcing the terms of the Order, and I understand that the terms of the Order impose obligations on me that survive the termination of this Action.

Executed on ______________, 20____.

____________________________
Signature

____________________________
Print Name

4912-0722-1444, v. 1